IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ARGONAUT INSURANCE COMPANY,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:15-CV-2765-L** |
| | § | |
| **ORB EXPLORATION, LLC** | § | |
| **AND JOEL N. BROUSSARD,** | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff Argonaut Insurance Company's ("Plaintiff") Verified Application for Temporary Restraining Order, Preliminary Injunction and Other Equitable Relief ("Application) (Doc. 4), filed August 24, 2015. On September 9, 2015, the court extended Defendants' deadline to respond to the Application in this case to September 22, 2015. No response was filed by Defendants. After reviewing the Application, Plaintiff's evidence, and applicable law, the court **denies without prejudice** Plaintiff's Verified Application for Temporary Restraining Order, Preliminary Injunction and Other Equitable Relief. (Doc. 4).

**I.     Background**

On August 24, 2015, Plaintiff Argonaut Insurance Company ("Plaintiff") brought this action against Defendants Orb Exploration, LLC and Joel N. Broussard (collectively, "Defendants"), alleging that Defendants breached an indemnity agreement by not collateralizing Plaintiff after failing to procure a release of the bonds, pay premiums due on the bonds, and provide Plaintiff with access to Defendants' books and records. Plaintiff seeks a temporary restraining order and preliminary

injunction to obtain specific performance of the parties' indemnity agreement; an order requiring Defendants to provide it with access to their books and records; and an order compelling Defendants to post $3,844,620 in collateral.

## II. Standard for Preliminary Injunction or Temporary Restraining Order

There are four prerequisites for the extraordinary relief of preliminary injunction or temporary restraining order. A court may grant such relief only when the movant establishes that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*). The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted. *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the temporary restraining order or preliminary injunction.

## III. Discussion

Plaintiff contends that Defendants "*may* wrongfully transfer or otherwise dissipate funds that could be used to indemnify" it before a judgment is entered in this case. Application 11(emphasis added). Plaintiff further asserts that Defendants may wrongfully transfer or otherwise dispose of

**Memorandum Opinion and Order - Page 2**

assets during the course of the litigation unless Plaintiff is allowed to access Defendants' records to determine their financial condition and identify assets to serve as collateral.

Plaintiff's contention that it will suffer irreparable harm because Defendants "may" transfer or dispose of assets is speculative at best. Plaintiff's contention that adequate compensatory relief will be unavailable is likewise speculative, as Plaintiff acknowledges that it lacks information regarding Defendants' financial condition and ability to pay a judgment if one is entered against them. The court therefore concludes that Plaintiff has failed to meet all of the requirements necessary for the extraordinary relief of preliminary injunction or temporary restraining order.

## IV. Conclusion

For the reasons stated, the court **denies without prejudice** Plaintiff's Verified Application for Temporary Restraining Order, Preliminary Injunction and Other Equitable Relief. (Doc. 4).

**It is so ordered** this 6th day of October, 2015.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge